**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

MARCUS C. BENYOUN,

        Plaintiff,

        v.                                                    CAUSE NO.: 2:24-CV-51-TLS

CITY OF EAST CHICAGO, IN; LOUIS
GONZALEZ; ADAM GARCIA; TIMOTHY
LEIMBACH; and ALAN SLIVKO,

        Defendants.

**OPINION AND ORDER**

This matter is now before the Court on the Defendants' Joint Motion for Summary Judgment [ECF No. 44]. This lawsuit stems from the January 1, 2023 arrest and transport of the Plaintiff Marcus C. Benyoun to the Lake County Jail. *See* Compl., ECF No. 1; Am. Compl., ECF No. 21. The Plaintiff brings federal constitutional claims under 42 U.S.C. § 1983, alleging excessive force and a lack of probable cause for his arrest against Defendants Louis Gonzalez, Adam Garcia, Timonthy Leimbach, and Alan Slivko and a *Monell* claim based on those constitutional claims against Defendant City of East Chicago, Indiana. *See* Am. Compl. The Plaintiff also brings a claim against the Defendants under Indiana tort law. *Id*.

The Defendants filed their Joint Motion for Summary Judgment [ECF No. 44] on December 8, 2025. The Plaintiff filed a response [ECF No. 52], on February 2, 2026, and the Defendants filed a reply [ECF No. 55], on March 5, 2026. For the reasons set forth below, the Court grants the Joint Motion for Summary Judgment as to the excessive force, lack of probable cause, and *Monell* claims and declines to exercise supplemental jurisdiction over the state law claim under Indiana tort law.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may discharge this burden by "either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citation omitted). In response, the non-movant "must make a sufficient showing on every element of his case on which he bears the burden of proof; if he fails to do so, there is no issue for trial." *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In ruling on a motion for summary judgment, a court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id.* (citation omitted). A court's role "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citations omitted).

**BACKGROUND AND MATERIAL FACTS[1]**

On January 1, 2023, the Plaintiff's mother contacted the East Chicago Police Department, during which she indicated that the Plaintiff had broken into her residence. Def. Ex. 2, 7:25–8:6, 12:1–4, ECF No. 47-2. When Defendant Officer Louis Gonzalez responded to the call, he and the other responding officers observed the Plaintiff exiting his mother's home. *Id.*, 12:5–13:17.

---

[1] The facts offered by the parties are considered only to the extent they are supported by the cited evidence of record.

The Plaintiff became irate, boisterous, yelled, argued with police on the scene, and refused to quiet down despite commands from the police, which resulted in the Plaintiff's arrest. *Id*., 12:9–15. During the arrest, the Plaintiff continued to lock up his arms, stiffen up, and he refused to comply. *Id*., 13:7–14:7. Although Defendants Garcia, Timothy Leimbach, and Alan Silvko were all on scene, Defendant Gonzalez unilaterally made the decision to arrest the Plaintiff. *Id*., 12:24–13:6. The Plaintiff stated in his deposition that Defendant Gonzalez banged his left knee against the squad car before putting him in it. Pl. Ex. B, 111:15–17, 112:4–5, ECF No. 52-1, p. 20 of 38. Then while being escorted to booking, the Plaintiff testified that Defendant Officer Adam Garcia forced him down while he was walking, causing his knee to buckle. *Id*., 131:14–21, 132:13–17, ECF No. 52-1, p. 24 of 38.

Because the Plaintiff was arrested on January 1, 2023, which was a holiday, he was officially charged through the Lake County Jail. Def. Ex. 2, 52:18–20. The Plaintiff was charged with resisting law enforcement under Indiana Code § 35-44.1-3-1 and disorderly conduct under Indiana Code § 35-45-1-3(a)(2), and a Lake County judge found probable cause for the arrest. Def. Exs. 4, 5, ECF Nos. 47-4, 47-5. The Plaintiff entered into an agreement called a "deferred prosecution," in which he did not dispute the charges and entered into a probationary deferral agreement requiring him to stay out of trouble for a certain amount of time and then the charges would be dropped. Def. Ex. 3, 187:5–189:4, ECF No. 47-3.

## ANALYSIS

The Defendants seek summary judgment on all the Plaintiff's claims.

### A.    Federal Claims—42 U.S.C. § 1983

Section 1983 provides, in pertinent part, that "[e]very person who, under color of [state law], . . . subjects, or causes to be subjected, any citizen of the United States . . . to the

deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. To prevail on a § 1983 claim, a plaintiff must show that the defendants deprived him of a federal constitutional right and that the defendants acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) (citations omitted).

1.    *Excessive Force*

In the Amended Complaint, the Plaintiff brings a § 1983 excessive force claim against Defendants Gonzalez, Garcia, Leimbach, and Slivko for their conduct in his arrest, transportation, and delivery to his jail cell. The Fourth Amendment prohibits the use of excessive force by a police officer during an arrest. *Graham v. Connor*, 490 U.S. 386, 394–95 (1989); U.S. Const. amend. IV. The Fourth Amendment's objective reasonableness standard governs claims of excessive force by a police officer. *Graham*, 490 U.S. at 388. "An officer's use of force is unreasonable if, judging from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest." *Gupta v. Melloh*, 19 F.4th 990, 996 (7th Cir. 2021) (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 519 (7th Cir. 2012)). The totality of the circumstances considers "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Turner v. City of Champaign*, 979 F.3d 563, 567 (7th Cir. 2020) (quoting *Graham*, 490 U.S. at 396). "An officer who has the right to arrest an individual also has the right to use some degree of physical force or threat of force to effectuate the arrest, . . . circumscribed by the Fourth Amendment's insistence on reasonableness." *Stainback v. Dixon*, 569 F.3d 767, 772 (7th Cir. 2009) (citing *Graham*, 490

U.S. at 396). The reasonableness of an officer's use of force is a legal determination for the court. *Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007); *Phillips*, 678 F.3d at 520.

"[P]olice officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 397. Thus, courts must consider the facts "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396 (citation omitted). Notably, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Id.* (cleaned up). Importantly, "the question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397 (citations omitted).

In this case, the Plaintiff attempts to establish excessive force by Defendants Gonzalez, Garcia, Leimbach, and Slivko based on his deposition testimony that: (1) Defendant Gonzalez pushed the Plaintiff against the squad car causing his left knee to strike the car panel while compliant and after warning the officers to watch his leg; and (2) Defendant Garcia forced the Plaintiff to walk too fast down the station hallway, causing his knee to buckle. The Plaintiff also points to a "Notice of Decision – Fully Favorable" from the Social Security Administration dated November 5, 2024, Pl. Ex. A, ECF No. 52-1, and his lawyer's assertion in his summary judgment response brief that "the defendant officers permanently disabled the plaintiff while loading him into a transportation van sufficiently indicates unreasonable action," Pl. Br. 6, ECF No. 52.

In support, the Plaintiff cites *Avina v. Bohlen*, 882 F.3d 674, 678–79 (7th Cir. 2018), for the proposition that "[t]he extent and nature of the plaintiff's injuries help determine the

reasonableness of the police conduct." Pl. Br. 5. In *Avina*, the court determined that the officer's conduct in "raising the plaintiff's arms with enough force to break the bone" while handcuffing him was "specific unreasonable conduct that allow[ed] [the plaintiff] to survive summary judgment." 882 F.3d at 679. However, the instant case is distinguishable. Unlike in *Avina*, here, the Plaintiff does not establish that any specific injury resulted from his knee striking the car panel or buckling. Thus, he waives any such argument. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived."); *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." (citation omitted)). The Plaintiff's favorable decision from the Social Security Administration dated almost two years after the Plaintiff's January 1, 2023 arrest is not well taken because, as highlighted by the Defendants, the Notice of Decision does not discuss any specific disabling injury or wounds to the Plaintiff let alone a disabling injury caused by a Defendant in this case or any other officer that had involvement with the Plaintiff on the date of his arrest. And his lawyer's assertion about the Plaintiff's permanent disability is also insufficient because there is no corresponding citation "to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see Holm*, 326 F.3d at 877.

The Plaintiff also included the following in his Statement of Material Facts:

> 68. After a couple of hours in the cell at the County Jail, [the Plaintiff] crawled to a nurse's station in the booking area, where he provided information about his condition and was placed in a wheelchair for transfer to the medical floor.

> 69. The following day, Monday, [the Plaintiff] was transported to a hospital.

Pl. Statement of Material Facts ¶¶ 68, 69 (citing Pl. Ex. B, pp. 183–85), ECF No. 52-1. However, these statements do not establish a specific injury by a Defendant. Plus, the cited Exhibit B is the

Plaintiff's deposition testimony, and the testimony merely contains the Plaintiff's statements that he "left to the hospital," "SOP saw [his] leg . . . [and] put [him] in medical," and he "got [an] injury," and "was practically in the hospital for a month." Pl. Ex. B, pp. 183–85. These statements do not establish that the Plaintiff crawled to the nurse's station. Nor do they establish a specific injury or that a Defendant in this case injured the Plaintiff. Further, the Plaintiff did not refer to this testimony in his summary judgment brief.

Without identifying a Defendant or officer responsible for the conduct, the Plaintiff additionally points to his testimony stating that he was forced into the transport vehicle in an aggressive manner and thrown on the floor landing on the back of his neck; and he points to his testimony that, during transport, he was slammed into the vehicle upside down on his neck, shoved viciously, and violently pushed resulting in wounds from the industrial grip on the vehicle steps. Pl. Statement of Material Facts ¶ 66 (citing Pl. Ex. B, pp. 126–33, 141–50); Pl. Br. 6 (citing Pl. Ex. B, pp. 125–36, 161–75). However, the Plaintiff does not identify the Defendant or officer responsible for this conduct nor does he set forth a theory of liability for excessive force when the officer responsible for the purported conduct is unidentified.

And, even if the Plaintiff had identified the Defendant or other officer responsible, he does not establish that a specific injury resulted from the throwing, slamming, shoving, or pushing other than to say that he developed "wounds." Without any more details, the Court is unable to evaluate where the wounds were located and the extent and nature of the wounds because the fact that the Plaintiff developed wounds is a conclusory statement, *see Avina*, 882 F.3d at 679, and he "cannot rest upon conclusory statements," *In re Greenpoint Tactical Income Fund LLC*, 168 F.4th 1002, 1007 (7th Cir. 2026) (cleaned up).

The Court notes:

> [a]n officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring.

*Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005) (citation omitted). However, the Plaintiff does not make an argument about any Defendant under the "failure to intervene" legal theory let alone present evidence under that standard. Thus, the Plaintiff waives any argument on a "failure to intervene" theory of liability. *See Mahaffey*, 588 F.3d at 1146; *Holm*, 326 F.3d at 877.

The Court further notes that although an injury is not required for establishing an excessive force claim, *see Alicea v. Thomas*, 815 F.3d 283, 290 (7th Cir. 2016) ("The district court . . . also mistakenly inserted an injury requirement into its excessive force analysis."), as highlighted by the Defendants, the Plaintiff does not argue—or cite any other pertinent legal authority—to otherwise establish that the Defendants' conduct amounted to excessive force. Thus, the Plaintiff waives any such additional argument on the Defendants' conduct. *See Mahaffey*, 588 F.3d at 1146; *Holm*, 326 F.3d at 877.

For these reasons, the Court grants summary judgment in favor of Defendants Gonzalez, Garcia, Leimbach, and Slivko on the § 1983 excessive force claim. As a result, the Court need not address the video footage cited by the Defendants or the other evidence cited by the Defendants to show that the Plaintiff was not injured during the relevant time period, and the Court denies as moot the Defendants' objection to the Plaintiff's Notice of Decision.

*2.      Probable Cause*

In the Amended Complaint, the Plaintiff brings a § 1983 claim against Defendants Gonzalez, Garcia, Leimbach, and Slivko alleging that there was no probable cause for his January 1, 2023 arrest.

"Probable cause to make an arrest exists when a reasonable person confronted with the sum total of the facts known to the officer at the time of the arrest would conclude that the person arrested has committed . . . a crime." *United States v. Brown*, 973 F.3d 667, 706 (7th Cir. 2020) (citation omitted); *see Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). This "is a common-sense inquiry requiring only a probability of criminal activity." *Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021). "This is not a high bar." *Id.* (cleaned up) (citing *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018)). Probable cause is "assessed objectively based on the conclusions that the arresting officer reasonably might have drawn from the information known to him." *Id.* (cleaned up). "The officer['s] subjective intentions are irrelevant so long as there was probable cause to detain . . . for any crime." *Brown*, 973 F.3d at 706 (citing *Devenpeck v. Alford*, 543 U.S. 146, 154–55 (2004)). "Probable cause requires more than bare suspicion, but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Maltby v. Winston*, 36 F.3d 548, 556 (7th Cir. 1994) (citation omitted).

In this case, the Plaintiff was arrested on January 1, 2023, and charged with resisting law enforcement and disorderly conduct. In support of his claim, the Plaintiff only points to a December 12, 2023 dismissal of the charges against him, which the Plaintiff does not attach. However, even if he had attached the dismissal of the charges, "[t]he fact that the charges against [the Plaintiff] were later voluntarily dismissed does not mean there was no probable cause for his

9

arrest." *Humphrey v. Staszak*, 148 F.3d 719, 728 (7th Cir. 1998). And the Plaintiff sets forth no other argument, let alone deposition testimony, an affidavit, or any other evidence, to otherwise establish that there was no probable cause for his arrest for resisting law enforcement and disorderly conduct. For example, the Plaintiff does not assert, let alone show, that the charges were dismissed because there was no probable cause for his arrest. The Plaintiff also does not set forth a theory for liability for Defendants Garcia, Leimbach, and Slivko when he does not dispute that they were not involved in the decision to make the arrest because Defendant Gonzalez unilaterally made that decision.

Accordingly, the Court grants summary judgment in favor of Defendants Gonzalez, Garcia, Leimbach, and Slivko on the § 1983 Fourth Amendment "lack of probable cause" claim.

### 3.    *Qualified Immunity*

The Defendants argue that Defendants Gonzalez, Garcia, Leimbach, and Slivko are entitled to qualified immunity. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021) (quoting *White v. Pauly*, 580 U.S. 73, 78–79 (2017)). Thus, the two questions are "whether the plaintiff has alleged a deprivation of a constitutional right at all, and whether the right at issue was clearly established at the time and under the circumstances presented." *Bianchi v. McQueen*, 818 F.3d 309, 319 (7th Cir. 2016) (citation omitted). Because the Plaintiff has failed to create a genuine dispute of material fact as to a constitutional violation, the Court need not further address the issue of qualified immunity. *See Los Angeles County v. Rettele*, 550 U.S. 609, 616 (2007); *Tucker v. Williams*, 682 F.3d 654, 660 (7th Cir. 2012) ("Because we do not find a constitutional violation, we need not and do not address Williams' qualified immunity defense.").

But even so, the Plaintiff has failed to show that it was clearly established that a reasonable officer would not have arrested him or applied the force to which he testified at his deposition. To overcome the burden, "[t]he clearly established right must be defined with specificity." *Smith v. Finkley*, 10 F.4th 725, 742 (7th Cir. 2021) (quoting *City of Escondido v. Emmons*, 586 U.S. 38, 42 (2019)). Courts look to "whether precedent squarely governs the facts at issue." *Id.* Thus, "[t]he dispositive question is whether the violative nature of *particular* conduct is clearly established" and the test is "whether the law was clear in relation to the specific facts confronting the public official when he acted." *Kemp v. Liebel*, 877 F.3d 346, 351–52 (7th Cir. 2017) (citations omitted). Although a plaintiff need not identify a case on point, "the legal principle [must] clearly prohibit the officer's conduct in the particular circumstances before him." *Pierner-Lytge v. Hobbs*, 60 F.4th 1039, 1044 (7th Cir. 2023) (citation omitted).

In this case, although the Plaintiff acknowledges the Defendants' qualified immunity defense, he neither identifies an analogous case nor explains how the Defendants' actions that he establishes with citation to the record were so plainly excessive that any reasonable officer would have known that the actions violated the constitution. *See Findlay v. Lendermon*, 722 F.3d 895, 900 (7th Cir. 2013) ("Because he has neither identified a sufficiently analogous case nor adequately explained how Lendermon's actions were so plainly excessive that any reasonable officer would know it violated the constitution, he cannot defeat Lendermon's qualified immunity defense."). Thus, the Plaintiff cannot defeat the Defendants' qualified immunity defense. *See id*.

Accordingly, the Court grants summary judgment in favor of Defendants Gonzalez, Garcia, Leimbach, and Slivko on their qualified immunity defense.

*4.*      Monell *Liability*

Finally, a municipality like the City of East Chicago can only be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [constitutional] injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Because there was no constitutional violation based on excessive force or a false arrest during the January 1, 2023 arrest and transport of the Plaintiff, there can be no *Monell* liability on the part of the City of East Chicago. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (recognizing that there can be no *Monell* liability in the absence of an underlying constitutional violation).

For these reasons, the Court grants summary judgment in favor of the City of East Chicago on the § 1983 *Monell* claims.

**B.      State Law Claim**

In the Amended Complaint, the Plaintiff invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the Plaintiff's state law claim under Indiana tort law. "When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction pursuant to § 1367(c)(3)." *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008). While the decision to exercise supplemental jurisdiction is discretionary, "there is a general presumption that the court will relinquish supplemental jurisdiction." *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 618 (7th Cir. 2018) (citing *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479–80 (7th Cir. 2012)). "The presumption is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *RWJ Mgmt. Co., Inc.*, 672 F.3d at 479 (cleaned up). As the Court has not engaged in any

meaningful review of the merits of the state law claim and has not otherwise committed substantial judicial resources to it, declining to exercise jurisdiction is proper. *See Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008) ("[T]he district court disposed of the federal claims on summary judgment, and so 'substantial judicial resources' have not yet been committed to the case.").

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS the Defendants' Joint Motion for Summary Judgment [ECF No. 44]. The Court DECLINES to exercise supplemental jurisdictional over the Plaintiff's state law claim under Indiana tort law and DISMISSES without prejudice that claim.

There being no claims remaining between any parties, the Court DIRECTS the Clerk of Court to ENTER FINAL JUDGMENT stating:

> Final judgment is entered in favor of the Defendants City of East Chicago, IN, Louis Gonzalez, Adam Garcia, Timothy Leimbach, and Alan Slivko and against the Plaintiff Marcus C. Benyoun, who takes nothing on the federal claims in the Amended Complaint. The Court DISMISSES without prejudice the Plaintiff Marcus C. Benyoun's state law claim in the Amended Complaint.

SO ORDERED on April 23, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

13